

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 17 2019

RICK WARREN
COURT CLERK
42_____

JAMES MATTHEWS, II, and )
MICHAELA MATTHEWS, )
)
      Plaintiffs, )
)
vs. )  Case No. CJ-2019-6389
)
BLACK & VEATCH CORPORATION )
TAKRAF USA, INC. and/or TAKRAF )
USA, INC. d/b/a TENOVA, KELLOGG, )
BROWN & ROOT, LLC, and KOCH )
FERTILIZER ENID, LLC, )
)
      Defendants. )

### DEFENDANT KOCH FERTILIZER ENID, LLC's ANSWER TO PLAINTIFFS' PETITION AND CROSS-CLAIMS AGAINST CO-DEFENDANTS

COMES NOW the Defendant, Koch Fertilizer Enid, LLC ("Koch") for its Answer to Plaintiffs' Petition, states as follows:

1. This Defendant admits those allegations and claims contained in Paragraph 1 of Plaintiffs' Petition.

2. This Defendant admits those allegations and claims contained in Paragraph 2 of Plaintiffs' Petition.

3. This Defendant admits that Black & Veatch Corporation is a foreign corporation, however is without knowledge and information sufficient to form a belief as to the truth of those remaining allegations and claims contained in Paragraph 3 of Plaintiffs' Petition and, on that basis, those allegations are denied.

EXHIBIT 6

4. This Defendant is without knowledge and information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 4 of Plaintiffs' Petition and, on that basis, those allegations are denied.

5. This Defendant admits that TAKRAF USA, INC. and/or TAKRAF USA, INC. d/b/a TENOVA is a foreign corporation, however is without knowledge and information sufficient to form a belief as to the truth of those remaining allegations and claims contained in Paragraph 5 of Plaintiffs' Petition and, on that basis, those allegations are denied.

6. This Defendant admits that Kellogg, Brown & Root, LLC is a foreign limited liability company, however is without knowledge and information sufficient to form a belief as to the truth of those remaining allegations and claims contained in Paragraph 6 of Plaintiffs' Petition and, on that basis, those allegations are denied.

7. This Defendant is without knowledge and information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 7 of Plaintiffs' Petition and, on that basis, those allegations are denied.

8. This Defendant admits those allegations and claims contained in Paragraph 8 in Plaintiffs' Petition.

9. This Defendant admits those allegations and claims contained in Paragraph 9 in Plaintiffs' Petition.

10. This Defendant admits that Plaintiff was working for Koch at the time of the accident on December 6, 2017. However, this Defendant is without knowledge and information sufficient to form a belief as to the remaining allegations and claims contained in Paragraph 10 of Plaintiffs' Petition and, on that basis, those allegations are denied.

11. This Defendant admits that venue is technically proper in the District Court of Oklahoma County by virtue of the presence of certain Defendants registered service agent, as alleged in Paragraph 11 of Plaintiffs' Petition. However, venue may be more appropriate in the District Court of Garfield County, State of Oklahoma and/or the United States District Court for the Western District of Oklahoma.

12. This Defendant admits those allegations and claims contained in Paragraph 12 of Plaintiffs' Petition.

13. This Defendant admits those allegations and claims contained in Paragraph 13 of Plaintiffs' Petition.

14. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 14 of Plaintiffs' Petition and, on that basis, those allegations are denied.

15. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 15 of Plaintiffs' Petition and, on that basis, those allegations are denied.

16. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 16 of Plaintiffs' Petition and, on that basis, those allegations are denied.

17. Plaintiffs' Petition omits Paragraph 17 and, therefore, no responsive pleading is required on the part by this Defendant.

18. Plaintiffs' Petition omits Paragraph 18 and, therefore, no responsive pleading is required on the part by this Defendant.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 19 of Plaintiffs' Petition and, on that basis, those allegations are denied.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 20 of Plaintiffs' Petition and, on that basis, those allegations are denied.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 21 of Plaintiffs' Petition and, on that basis, those allegations are denied.

22. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 22 of Plaintiffs' Petition and, on that basis, those allegations are denied.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 23 of Plaintiffs' Petition and, on that basis, those allegations are denied.

24. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 24 of Plaintiffs' Petition and, on that basis, those allegations are denied.

25. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 25 of Plaintiffs' Petition and, on that basis, those allegations are denied.

26. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 26 of Plaintiffs' Petition and, on that basis, those allegations are denied.

27. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 27 of Plaintiffs' Petition and, on that basis, those allegations are denied.

28. This Defendant specifically denies those allegations and claims contained in Paragraph 28 of Plaintiffs' Petition and, therefore, demands strict proof thereof.

29. This Defendant admits Plaintiff James Matthews, II was working for Koch at the time of the accident, however is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations and claims contained in Paragraph 29 of Plaintiffs' Petition and, on that basis, those allegations are denied.

30. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 30 of Plaintiffs' Petition and, on that basis, those allegations are denied.

31. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 31 of Plaintiffs' Petition and, on that basis, those allegations are denied.

32. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 32 of Plaintiffs' Petition and, on that basis, those allegations are denied.

33. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 33 of Plaintiffs' Petition and, on that basis, those allegations are denied.

34. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 34 of Plaintiffs' Petition and, on that basis, those allegations are denied.

35. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 35 of Plaintiffs' Petition and, on that basis, those allegations are denied.

36. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 36 of Plaintiffs' Petition and, on that basis, those allegations are denied.

37. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 37 of Plaintiffs' Petition and, on that basis, those allegations are denied.

38. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 38 of Plaintiffs' Petition and, on that basis, those allegations are denied.

39. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 39 of Plaintiffs' Petition and, on that basis, those allegations are denied.

40.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 40 of Plaintiffs' Petition and, on that basis, those allegations are denied.

41.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 41 of Plaintiffs' Petition and, on that basis, those allegations are denied.

42.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 42 of Plaintiffs' Petition and, on that basis, those allegations are denied.

43.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 43 of Plaintiffs' Petition and, on that basis, those allegations are denied.

44.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 44 of Plaintiffs' Petition and, on that basis, those allegations are denied.

45.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 45 of Plaintiffs' Petition and, on that basis, those allegations are denied.

46.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 46 of Plaintiffs' Petition and, on that basis, those allegations are denied.

47.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 47 of Plaintiffs' Petition and, on that basis, those allegations are denied.

48. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 48 of Plaintiffs' Petition and, on that basis, those allegations are denied.

49. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 49 of Plaintiffs' Petition and, on that basis, those allegations are denied.

50. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 50 of Plaintiffs' Petition and, on that basis, those allegations are denied.

51. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 51 of Plaintiffs' Petition and, on that basis, those allegations are denied.

52. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 52 of Plaintiffs' Petition and, on that basis, those allegations are denied.

53. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 53 of Plaintiffs' Petition and, on that basis, those allegations are denied.

54. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 54 of Plaintiffs' Petition and, on that basis, those allegations are denied.

55. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 55 of Plaintiffs' Petition and, on that basis, those allegations are denied.

56. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 56 of Plaintiffs' Petition and, on that basis, those allegations are denied.

57. This Defendant specifically denies those allegations and claims contained in Paragraph 57 of Plaintiffs' Petition and, therefore, demands strict proof thereof.

58. This Defendant specifically denies those allegations and claims contained in Paragraph 58 of Plaintiffs' Petition and, therefore, demands strict proof thereof.

59. This Defendant specifically denies those allegations and claims contained in Paragraph 59 of Plaintiffs' Petition and, therefore, demands strict proof thereof.

60. This Defendant specifically denies those allegations and claims contained in Paragraph 60 of Plaintiffs' Petition and, therefore, demands strict proof thereof.

61. This Defendant specifically denies those allegations and claims contained in Paragraph 61 of Plaintiffs' Petition and, therefore, demands strict proof thereof.

62. This Defendant specifically denies those allegations and claims contained in Paragraph 62 of Plaintiffs' Petition and, therefore, demands strict proof thereof.

63. This Defendant specifically denies those allegations and claims contained in Paragraph 63 of Plaintiffs' Petition and, therefore, demands strict proof thereof.

64. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 64 of Plaintiffs' Petition and, on that basis, those allegations are denied.

65. This Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and claims contained in Paragraph 64 of Plaintiffs' Petition and, on that basis, those allegations are denied.

This Defendant admits that Plaintiff is seeking damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code. This Defendant denies that Plaintiff is entitled to relief requested and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

Affirmative Defenses are pled by defense counsel based upon information currently known to counsel in order to preserve potentially applicable legal defenses on Defendant's behalf. Defendant reserves the right to withdraw affirmative defenses or add additional affirmative defenses as the facts of the case become better known through discovery.

I.

Plaintiffs' Petition fails to state a claim against Defendant upon which relief can be granted.

II.

The conditions and/or injuries of which Plaintiff James Matthews II complains constitute preexisting conditions and/or conditions sustained prior to the alleged incident, which were neither caused nor aggravated by Defendant, and for which Defendant is not liable.

III.

Plaintiffs' alleged injuries and damages were caused, in whole or in part, by the negligence of a Third Party or Parties over whom Defendant had no control, and for whose acts

Defendant is not responsible.

## IV.

If is it shown that Defendant or any person acting on his behalf was negligent, which negligence is specifically denied, the negligence of Plaintiff James Matthews II exceeded any such negligence on the part of Defendant, thereby barring Plaintiffs from recovery.

## V.

Plaintiff James Matthews II assumed the risk of any injury.

## VI.

As to this Defendant, Plaintiffs' injuries and damages, if any, were the result of an unavoidable accident or sudden emergency.

## VII.

Any, or some, of the damages which Plaintiff James Matthews II may have suffered were the result of superseding and/or intervening causes for which the Defendant cannot be held responsible.

## VIII.

Plaintiffs have failed to reasonably mitigate their alleged damages.

## IX.

Plaintiffs' claims, if any, against this Defendant are barred by the Doctrine of Election of Remedies.

## X.

Plaintiffs' claims, if any, are barred by the applicable statute of limitations.

XI.

Plaintiffs' claims, if any, against this Defendant are barred by the Doctrine of Release and Satisfaction.

XII.

Plaintiffs' claim, if any, against this Defendant are barred by the Doctrine of Accord and Satisfaction.

XIII.

Plaintiffs' claim, if any, against this Defendant are barred by the Doctrines of Estoppel and Waiver.

XIV.

An award of punitive damages under the facts of this case would violate Defendant's rights afforded by the Constitution of the State of Oklahoma and the United States Constitution. Further, such an award under the facts of this case would be inconsistent with established Oklahoma law. Accordingly, Plaintiffs' claim for punitive damages should be dismissed as a matter of law.

WHEREFORE, having answered, Koch Fertilizer Enid, LLC. prays that Plaintiffs take nothing by way of their Petition and that Defendant be awarded its cost, attorney fees and all other relief the Court deems just and equitable.

### DEFENDANT KOCH FERTILIZER ENID, LLC'S
### CROSS-CLAIMS AGAINST CO-DEFENDANTS

COMES NOW, Koch Fertilizer, LLC, (Koch) for its Cross-Claims against Co-Defendants, Black and Veatch Corporation, Takraf USA, Inc and/or Takraf USA, d/b/a Tenova and Kellogg, Brown and Root, LLC, alleges and states as follows:

1.  Koch is a limited liability company with members that are domiciled in a state other than Oklahoma.

2. The Co-Defendants, are corporations or limited liability company, domiciled in a state other than Oklahoma.

3. Koch's Cross-Claims against the Co-Defendants arise out of the same transaction and occurrence referenced in Plaintiffs' Petition.

4. The amount in controversy exceeds more than Seventy-Five Thousand Dollars ($75,000), exclusive of costs and interest.

5. Plaintiff James Matthews II has alleged that the injuries received during the course and scope of his employment with Koch were due to the negligence of Black and Veatch Corporation, Takraf USA, Inc., and/or Takraf USA, d/b/a Tenova and Kellogg, Brown and Root, their agents, employees and representatives.

7. As a result of the accident referenced in Plaintiffs' Petition, Plaintiff James Matthews II filed a claim for workers' compensation benefits against Koch Fertilizer Enid, LLC before the Oklahoma Workers' Compensation Commission, Commission File Number: CM2018-04416-K.

8. Koch provided workers' compensation coverage and paid benefits to Plaintiff James Mathews II as a result of his filing before the Oklahoma Workers' Compensation Commission including, but not limited to, benefits for medical expenses, indemnity, and other associated costs.

9. As a result of Plaintiff James Matthews II pursing benefits before the Oklahoma Workers' Compensation Commission for accidental injuries received during the course and scope of his employment and Koch providing said benefits as required by law, Koch is entitled to assert its right of statutory and common law subrogation against the Co-Defendants for all amounts it has expended for benefits paid to and on behalf of Plaintiff James Matthews II.

WHEREFORE, Koch Fertilizer Enid, LLC, prays that judgment be entered in its favor and against the Co-Defendants Black and Veatch Corporation, Takraf USA, Inc and/or Takraf USA, d/b/a Tenova and Kellogg, Brown and Root, LLC, on its cross-claim for actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000), along with attorney fees, costs, interest and such other relief the Court may deem just and equitable.

Respectfully submitted,

_____
Michael Woodson, OBA No. 16347
EDMONDS COLE LAW FIRM, P.C.
7 S. Mickey Mantle Drive, Ste. 375
Oklahoma City, OK 73104-2440
Telephone:   405-272-0322
Facsimile:   405-235-4654
mwoodson@edmondscole.com
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This will hereby certify that on the 17th day December 2019, a true and correct copy of the above and foregoing was delivered to:

Kenneth N. Jean, OBA # 15094
Scott R. Jackson, OBA # 17502
Patrick F. Collogan, OBA # 30529
13900 N. Portland, Ste. 150
Oklahoma City, OK 73134
Telephone: 405-832-0777
Facsimile: 405-849-4489
**ATTORNEYS FOR PLAINTIFFS**

_____
For the Firm